**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**B&B HARDWARE, INC.**                                                                                      **PLAINTIFF**

**v.**                                                  **4:10CV00317-WRW**

**FASTENAL COMPANY**                                                                                     **DEFENDANT**

### ORDER

Pending is Defendant's Motion to Dismiss (Doc. No. 12). Plaintiff has responded.[1] For the reasons set out below, Defendant's Motion is DENIED.

### I.  BACKGROUND[2]

Plaintiff, B&B Hardware, Inc., claims that Defendant, Fastenal Company, breached a distribution agreement that the parties entered into in April 1999. B&B is a California corporation that develops, manufactures, and sells self-sealing fasteners under the brand name Sealtight®. Fastenal, a Minnesota corporation, is an international retailer and distributor of industrial and construction supplies, including self-sealing fasteners.

The parties' distribution agreement established a relationship in which B&B would sell, and Fastenal would purchase and resell, certain B&B products. Under the agreement, B&B was to establish quotas for purchases and sales, and Fastenal was "to use its best efforts to achieve such quota by actively promoting sales, and calling on actual and potential users and customers."[3] Fastenal also agreed to provide periodic reports of financial information and sales to B&B.

---

[1] Doc. No. 16.

[2] All information in this section is taken from the Complaint (Doc. No. 1) and the attached distribution agreement (Doc. No. 1-1).

[3] Doc. No. 1-1.

Importantly, the agreement provided that Fastenal would not market or sell "any product that is similar to or performs substantially the same function as the [B&B] Products [covered by the distribution agreement]" without B&B's written consent.[4]

B&B contends that Fastenal breached their agreement by marketing and selling lower-quality and lower-cost self-sealing fasteners that were not manufactured or provided by B&B; diverting customer leads for self-sealing fasteners generated by B&B to other self-sealing fastener manufacturers; selling self-sealing fasteners manufactured by other companies to prospective Sealtight® customers; failing to provide sales reports to B&B as requested and required; and placing the name of B&B's primary competitor for self-sealing fasteners, APM Hexseal, on the Fastenal website as a "Diamond Marketing Partner."  B&B also believes that Fastenal is itself, or in connection with other companies, manufacturing and selling self-sealing fasteners using B&B technology, trade secrets, and other proprietary information.  B&B raises the following claims against Fastenal: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing sounding in contract; (3) tortious interference with business expectancy; and (4) violation of the Arkansas Deceptive Trade Practices Act.

**II.    STANDARD**

Fastenal seeks to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[5]  A motion to dismiss under Rule 12(b)(6) must be treated as a motion for summary judgment when matters outside the pleadings are presented to and not excluded by the trial court.[6]  While both parties in this case have submitted

---

[4]*Id.*

[5]Doc. No. 12.

[6]*See* Fed. R. Civ. P. 12(d); *Woods v. Dugan*, 660 F.2d 379, 380 (8th Cir. 1981).

supporting exhibits outside of the pleadings, I will consider only the pleadings and the contract itself[7] in ruling on Fastenal's Motion to Dismiss.

Under the general rules of pleading contained in Rule 8 of the Federal Rule of Civil Procedure, a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet this standard, and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8]

### III. DISCUSSION

Fastenal argues that B&B's complaint should be dismissed because the allegedly breached agreement had terminated and was not in effect during the time period addressed in the Complaint.[9] Fastenal points to Paragraph 15 of the agreement:

> #15. Assignment; Change of Ownership. Distributor shall not transfer or assign this Distribution Agreement or its rights and obligations hereunder. Absent the written consent of B&B, this Agreement shall automatically terminate upon any change of more than 25 percent ownership in Distributor (by sale or other transfer of stock or otherwise).

---

[7]Fastenal urges that a court can consider materials outside the pleadings without converting the motion to one for summary judgment if they are matters of public record, materials that do not contradict the complaint, or are "necessarily embraced by the pleadings." I decline to consider its exhibits on a motion to dismiss. Of course, a motion for summary judgment may be filed at an appropriate time.

[8]*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)).

[9]Doc. No. 13.

Fastenal contends that the agreement automatically terminated under Paragraph 15 as early as May 6, 1999, when stock ownership changed by twenty-five percent. Therefore, Fastenal argues that the agreement was not in effect during the time period covered by the Complaint and the Complaint should be dismissed.

B&B responds that the most "logical and reasonable" interpretation of Paragraph 15 is that the termination provision would be triggered upon a *single transaction* resulting in a more than a twenty-five percent change in ownership of Fastenal.[10] B&B contends that Fastenal's interpretation of this provision is illogical because the parties were aware that Fastenal is a large publicly traded company, and Fastenal's interpretation is at odds with the parties' intent because the agreement shows that the parties intended the agreement to be long-standing.[11] Furthermore, B&B maintains that during the approximately eleven years that the parties conducted business under the agreement, Fastenal never informed B&B that their contract had terminated under Paragraph 15.[12]

Taking the facts alleged in the Complaint as true, as I must on a motion to dismiss, B&B has stated plausible claims upon which relief can be granted. Accordingly, dismissal under Rule 12(b)(6) is inappropriate.

## CONCLUSION

For the reasons set out above, Defendant Fastenal's Motion to Dismiss is DENIED.

IT IS SO ORDERED this 16th day of August, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[10] Doc. No. 16.

[11] *Id.*

[12] *Id.*