**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**B&B HARDWARE, INC.**                                                                                    **PLAINTIFF**

**VS.**                                                    **4:10CV00317-BRW**

**FASTENAL COMPANY**                                                                                    **DEFENDANT**

**PROTECTIVE ORDER**

The Amended Joint Motion for Entry of Agreed Protective Order and Agreed Expert Disclosures Order (Doc. No. 27) is GRANTED. Thus, the Joint Motion for Entry of Agreed Protective Order and Agreed Expert Disclosures Order (Doc. No. 26) is DENIED as MOOT.

This protective order governs the parties to this action and their lawyers, as follows:

1.      All materials, writings, copies, transcriptions, extracts, reports, studies, notes, complete or partial summaries, exhibits, pleadings, or other reproductions of materials (hereinafter "Materials") produced in this action by any party or non-party (hereinafter "producing party") that contain, describe or identify or refer to:   (1) proprietary, financial, business information, including, but not limited to, licensing, distribution, marketing, design, research and development, manufacturing information regarding products or technology; (2) confidential information regarding customers, suppliers, vendors, distributors, and other third parties to this litigation including, but not limited to, any and all sales and/or purchasing information such as sales and/or purchasing data, sales and/or purchasing histories and/or sales and/or  purchasing projections; (3) financial information not publicly filed with any federal or state regulatory authority; or (4) other information the confidentiality or privacy of which is protected by statute, may be stamped "CONFIDENTIAL" by the producing party  (hereinafter referred to as "Confidential Materials") and, if so stamped, will be subject to the provisions of

1

this Protective Order.

2. All Materials produced in this action by any party or non-party that contain, describe, identify or refer to competitively sensitive information, the disclosure of which is prohibited by statute and/or may cause significant competitive harm to the producing party, may be stamped "HIGHLY CONFIDENTIAL" by the producing party (hereinafter referred to as "Highly Confidential Materials"), and if so stamped, will be subject to the provisions of this Protective Order. With the exception of the restrictions to access of Highly Confidential Materials set forth in paragraph 6 below, the provisions of this Protective Order shall apply with equal effect to and include both Confidential Materials and Highly Confidential Materials.

3. The inadvertent production of Materials, without designation as Confidential Materials or Highly Confidential Materials, intended to be designated or that should have been designated as Confidential Materials or Highly Confidential Materials, shall not waive the right to so designate such Materials. Any Confidential Materials or Highly Confidential Materials that are inadvertently not designated as such when produced shall, upon written request of the producing party, thereafter be treated as Confidential Materials or Highly Confidential Materials under this Protective Order.

4. A lawyer who wishes to challenge a designation made by the producing party of any Materials must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation. The party seeking to maintain the designation generally will bear the burden of proving that the designation is proper. Materials designated as Confidential Materials or Highly Confidential Materials will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

5.      Materials designated as Confidential Materials or Highly Confidential Materials may be used only for this action and for no other action or purpose.  Materials designated as Confidential Materials or Highly Confidential Materials may not, without leave of this Court, be disclosed to any person or entity other than this Court (under seal) except as stated in this Protective Order.

6.      Confidential Materials shall be used in connection with this litigation only, and shall be disclosed only to the following persons:  1) counsel representing the parties in this action; 2) deposition court reporters, videographers, and their staff;  3) paralegals, clerical and other employees of the parties' counsel; 4) independent experts and advisors who are retained by either party to perform investigative work, fact research or other services relating solely to this action; 5) deponents during the preparation for or during the course of their deposition; 6) trial witnesses as part of their preparation for trial; and if admitted into evidence, trial witnesses during their testimony;  7) the parties to the litigation; and 8) this Court and its personnel including, but not limited to, the jury and stenographic reporters during the trial of the above-captioned action.  With respect to those persons listed in 4 (experts and advisors), 5 (deponents) and 6 (trial witnesses) above, Confidential Materials may be disclosed to them only if:   a) each person is first advised by the attorney making the disclosure pursuant to this Protective Order that the person shall not divulge any Confidential Materials to any other person, except in the preparation for or trial of this action, and that disclosure in the preparation for or trial of this action is limited to persons entitled to knowledge of Confidential Materials under this Protective Order; and b) each person to whom disclosure is made has executed an Affidavit in the form attached hereto as ***Exhibit A.***  A lawyer who discloses Confidential Materials pursuant to this paragraph must maintain each Affidavit executed by persons to whom that lawyer has disclosed Confidential Materials.  Highly Confidential Materials may be disclosed as set forth in this

paragraph, except that *under no circumstances* may the Highly Confidential Materials of one party be disclosed to the adverse party.

      7.     Nothing in this Protective Order shall restrict any use by a producing party of its own Confidential Materials or Highly Confidential Materials.

      8.     If Confidential Materials or Highly Confidential Materials are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity, the deponent must be required to acknowledge on the record, before any identification, discussion or disclosure of Confidential Materials or Highly Confidential Materials occurs, that he or she has been advised of and has agreed to be bound by the terms of this Protective Order and no Confidential Materials or Highly Confidential Materials are to be left in the possession of the deponent, unless the deponent qualifies for access to the Confidential Materials or Highly Confidential Materials pursuant to this Protective Order.  In addition, counsel for the witness or counsel for any party shall have the right to exclude from depositions any person who is not authorized by this Protective Order to receive documents or information designated as Confidential Materials or Highly Confidential Materials, other than the deponent and deponent's counsel.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to or related to Confidential Materials or Highly Confidential Materials.

      9.     A party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" portions of any deposition transcript wherein Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are identified, discussed, or disclosed.  Portions of a deposition transcript so designated will be subject to the terms of this Protective Order.  The designation must be made on the record during the deposition or by letter sent by facsimile or electronic mail to opposing counsel within thirty (30) business days after receipt of the transcript.  The portions of a deposition transcript that mention or discuss Materials designated as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" must be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and therefore subject to this Protective Order until 5:00 p.m. Central Time on the thirtieth business day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by 5:00 p.m. Central Time on the thirtieth business day after receipt of the transcript are excluded from the protections of this Protective Order.

10. If, during the course of pre-trial or trial proceedings, a lawyer for a party intends to identify, discuss, or disclose Confidential Materials or Highly Confidential Materials produced by the opposing party, that lawyer must give prior notice to opposing counsel so that the producing party may seek appropriate protection.

11. If Confidential Materials or Highly Confidential Materials are filed with the Clerk of this Court, they must be filed in a sealed envelope in compliance with Section IV.B of this Court's CM/ECF Administrative Policies and Procedures Manual for Civil Filings. The sealed envelope also must contain the following statement:

> "CONFIDENTIAL: THE CONTENTS OF THIS ENVELOPE ARE NOT TO BE SCANNED AND ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND SHALL NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF THIS COURT OR ANY ATTORNEY OF RECORD IN THIS CASE."

12. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating Materials as "CONFIDENTIAL" without first having obtained permission from the Court to do so.

13. The termination of proceedings in this action shall not relieve the persons described in paragraph 6 above from the obligation of maintaining the confidentiality of all Confidential Materials or Highly Confidential Materials received pursuant to this Protective Order, unless the Court orders or permits otherwise.

14. Within sixty (60) days after final adjudication of this action, including any appeals, all lawyers then having possession, custody or control of Confidential Materials or Highly Confidential Materials must destroy or return those items and must, upon request by the opposing party, verify that all such items have been destroyed or returned to the producing party. The verification must be made by Affidavit in the form of *Exhibit B* to this Protective Order. A party may also file a motion asking the Court to return Confidential Materials or Highly Confidential Materials, which were provided to the Court.

15. Nothing in this Protective Order will preclude a party from seeking additional protection for Confidential Materials or from otherwise seeking a modification, amendment and/or addition to this Protective Order.

16. This Order is entered based on the representations and agreement of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.      IT IS SO ORDERED this 19th day of January, 2011.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE


**APPROVED AS TO FORM:**

Barry Clifford Snyder *(pro hac vice)*
Sean R. Burnett *(pro hac vice)*

SNYDER LAW, LLP
P.O. Box 1236
150 Castilian Drive
Santa Barbara, CA 93116-1236

and

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201-3699


By: /s/ Michelle M. Kaemmerling
Gordon S. Rather, Jr. (68054)
Troy A. Price (88010)
Michelle M. Kaemmerling (2001227)
*Attorneys for Plaintiff B&B Hardware, Inc.*


MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C
5414 Pinnacle Point Drive, Suite 500
Rogers, AR 72758-8131


By: /s/ Karen P. Freeman
Marshall S. Ney (91108)
Karen P. Freeman (2009094)
Jenny T. Garrett (2008034)
*Attorneys for Defendant Fastenal Company*

## *EXHIBIT A*

AFFIDAVIT OF _____

STATE OF_____ )
                                           ) ss:
COUNTY OF_____ )

      Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, who after being duly sworn, states as follows:

    1.      My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

    2.      I am aware that a Protective Order has been entered in *B&B Hardware, Inc. v. Fastenal Company*, Case No. 4:10-CV-317 BRW, which is pending in the United States District Court for the Eastern District of Arkansas, Western Division. A copy of that Protective Order has been shown to me, and I have read and understand its contents.

    3.      By signing this Affidavit, I promise that I will use the materials and contents of the materials designated as "Confidential Materials" or "Highly Confidential Materials" pursuant to the above-described Protective Order for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action and for no other purpose.

    4.      By signing this Affidavit, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated as Confidential Materials pursuant to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff employed in his or her office, persons permitted by the above-described Protective Order to attend depositions taken in the above-described civil action, and persons or entities assisting such counsel who have executed an affidavit in the same form as this Affidavit. I also promise to disclose Highly

Confidential Materials only to the above-referenced persons, and will not, under any circumstances, disclose any Highly Confidential Materials to any party to the above-described civil action.

5. By signing this Affidavit, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated Confidential Materials or Highly Confidential Materials pursuant to the above-described Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter.  I further promise at the conclusion of this case to deliver upon request all materials (originals and copies) designated as Confidential Materials or Highly Confidential Materials to the counsel who originally directed that said materials be provided to me.

6. I understand that, by signing this agreement, I am agreeing to subject myself to the jurisdiction of this Court.

7. I understand that any use or distribution of the materials or contents of the materials designated as Confidential Materials or Highly Confidential Materials pursuant to the above-described Protective Order in any manner contrary to the provisions of the Protective Order will subject me, among other things, to the summary sanctions of this Court for contempt

FURTHER AFFIANT SAYETH NOT.

_____
Signature of Affiant

Subscribed and sworn to before me, this \_\_\_\_day of _____, 201\_\_.

_____
Notary Public

## *EXHIBIT B*

AFFIDAVIT OF _____

STATE OF_____)
                                      ) ss:
COUNTY OF_____)

      Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, Esq., who after first being duly sworn, states as follows:

      1.      My name is _____.  I am over the age of 18 years and am a resident of _____ County, _____.  I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

      2.      I have requested and received from _____ all materials, transcripts, and other things described in *B&B Hardware, Inc. v. Fastenal Company*, Case No. 4:10-CV-317 BRW, which is or previously was pending in the United States District Court for the Eastern District of Arkansas, Western Division.  I have either destroyed or have attached hereto all of the materials, transcripts, and other things, including those materials which were returned to me, in accordance with the Protective Order which was entered by the Court in *B&B Hardware, Inc. v. Fastenal Company*.

      FURTHER AFFIANT SAYETH NOT.

                                                      _____
                                                      Signature of Affiant

Subscribed and sworn to before me, this \_\_\_\_day of _____, 201\_\_.

_____
Notary Public