IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

B&B HARDWARE, INC.                                                                          PLAINTIFF

v.                                             4:10CV00317-BRW

FASTENAL COMPANY                                                                         DEFENDANT

## ORDER

Pending is Hargis Industries, LP's Motion to Intervene (Doc. No. 51). B&B Hardware, Inc., has responded.[1] As explained below, the Motion is DENIED.

In an unrelated case,[2] B&B was ordered to pay Hargis costs, attorneys' fees, and expenses totaling $753,386.55. The judgments remain unsatisfied. On that basis, Hargis now wants to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2). Hargis claims that it is entitled to "immediate execution upon B&B's cause of action by having it 'seized' and sold at execution sale."[3]

First, I note that B&B has appealed in Hargis's case. The Eighth Circuit has not yet ruled; thus, Hargis's Motion is premature. Still, I will address the merits of Hargis's motion.

Under Rule 24(a)(2), a party is entitled to intervene as a matter of right upon filing a timely motion if: (1) it has a cognizable interest in the subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately

---

[1] Doc. No. 59.

[2] *B&B Hardware Inc. v. Hargis Industries Inc.*, No. 4:06CV01654-SWW (E.D. Ark.).

[3] Doc. No. 52, p. 5.

1

protected by the existing parties to the litigation.[4]  These requirements are to be construed liberally, and any doubts are resolved in favor of the proposed intervenors.[5]

Hargis does not have a "cognizable right" in the subject matter of this litigation.  "An interest is cognizable under Rule 24(a)(2) only where it is 'direct, substantial, and legally protectable.'"[6]  "An economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention."[7]  Hargis has no interest in the contract dispute between B&B and Fastenal.  Instead, Hargis wants to "seize" B&B's case and have the proceedings stayed while the U.S. Marshal conducts an execution sale.

The Rule 24(a)(2) factors "are intended to capture the circumstances in which the practical effect of the prospective intervenor justifies its participation in the litigation."[8]  Here, the practical effect of allowing Hargis's plan to proceed are significant, while its participation in the case would be minimal.  Hargis admits that it does not want to participate in the case, but instead would seek a stay and execution sale.  This would substantially affect the rights of B&B

---

[4]*Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) (citing *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir.1997)).

[5]See *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assoc., Inc.*, 60 F.3d 1304, 1307 (8th Cir. 1995).

[6]*Id.* (quoting *United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995)).

[7]*Id.* (citing *Curry v. Regents of the Univ.*, 167 F.3d 420, 422–23 (8th Cir. 1999)).

[8]*San Juan County, Utah v. U.S.*, 503 F.3d 1163, 1195 (10th Cir. 2007).

(which is claiming considerably more in damages than the amount of Hargis's judgments) and Fastenal.[9] Further, Hargis has provided no authority its request.[10]

Finally, the interests of B&B and Hargis in a successful outcome for B&B in the present case are aligned. B&B is ably represented, and I see no reason to allow Hargis to intervene in this case. As B&B points out, Hargis is free to assert a lien against any recovery B&B obtains in this case.

Accordingly, Hargis's Motion to Intervene is DENIED.

IT IS SO ORDERED this 22nd day of April, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[9] Hargis states that if B&B's cause of action were sold at an execution sale "B&B [would] effectively have no interest in this litigation subsequent to the execution sale," but then paradoxically asserts that no party would be prejudiced by its request.

[10] Hargis relies on Arkansas Code Annotated section 16-66-418, which provides that a "chose in action" is subject to discovery and satisfaction of a judgment. While a cause of action has been recognized as personal property subject to execution, *see Agribank, FCB v. Cupples*, 850 F. Supp. 780 (E.D. Ark. 1993), Hargis has not provided any authority for allowing a judgment creditor to intervene in an ongoing lawsuit for the purpose of holding an execution sale on the cause of action.